**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DAVID UPCHURCH and** | ) |
| **EDNA ROBINSON** | ) |
| | ) |
| Plaintiff, | ) Case No. 07 C 3353 |
| | ) |
| vs. | ) |
| | ) |
| **Chicago Police Officers Jeffrey Chevalier,** | ) |
| **Star No. 7206, Godfrey Cronin, Star No. 1655,** | ) |
| **Vladan Milenkovic, Star No. 16135, D. Goosherst,** | ) |
| **Star No. 19628, Officer Guerro, Star No. 19649,** | ) JURY DEMANDED |
| **Officer Martinez, Star No. 19709, Officer Szubert,** | ) |
| **Star No. 15620, Calumet City Police Officers Lt. T.** | ) |
| **Murphy, Star No. 48, and R. Dudley, Star No. 172,** | ) |
| **Individually,** | ) |
| | ) |
| Defendants, | ) |

Plaintiff alleges:

## PLAINTIFF'S AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiffs David Upchurch ("Upchurch") and Edna Robinson ("Robinson") were and now are a citizens of the United States.

4.      At all times herein mentioned, Defendants Jeffrey Chevalier, star no. 7206 ("Chevalier"), Godfrey Cronin, star no. 1655 ("Cronin"), Vladan Milenkovic, star no. 16135 ("Milenkovic"), D. Goosherst, star no. 19682 ("Goosherst"), Officer Guerro ("Guerro"), star no. 19649, Officer Martinez ("Martinez"), star no. 19709, and Officer Szubert, ("Szubert"), star no. 15620, were members of the City of Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the City of Chicago. These officers ares being sued in their individual/personal capacities.

5.      At all times herein mentioned, Defendants Lt. T. Murphy, ("Murphy"), star no. 48 and Officer R. Dudley, ("Dudley"), star no. 172, were members of the Calumet City Police Department, and were acting under color of state law and as the employees, agents or representatives of the City of Calumet, Illinois. These officers are being sued in their individual/personal capacities.

## FACTUAL ALLEGATIONS

6.      On January 12, 2006, plaintiffs were in their residence at 539 Wentworth, Calumet City, Illinois.

7.      The plaintiffs lived in a two flat with two clearly defined and clearly marked different apartments.

8.      The defendant Chevalier obtained a search warrant, clearly defective for many reasons. This included, *inter alia*, that it was for a "single family residence," and lacked probable cause for plaintiffs' multiple unit residence.

9. At that place and date, the defendants approached Plaintiffs' apartment within their building and wrongfully entered without the proper knock-notice requirement. They also wrongfully entered the basement and the second floor unit of the building.

10. The defendants then used unnecessary and excessive force on both Plaintiffs.

11. Both plaintiffs were unlawfully detained and arrested, and subjected to unreasonable and unnecessary abuse, including, but not limited to, forcing Upchurch outside the residence in his bare feet in very wet and cold weather conditions.

12. While "searching" plaintiffs' residence, defendants unnecessarily trashed it, destroyed property and stole money from the plaintiffs.

13. Plaintiffs did not consent to any of the acts above described.

14. By reason of the above-described acts and omissions of defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

15. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16. By reason of the above-described acts and omissions of defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**Plaintiffs Against All Defendants, For Excessive Force
And Failure to Protect**

17. Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18. By reason of the defendants' use of force, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

19. Further, to the extent that an officer did not use physical force upon the Plaintiff, such defendant is liable for the failure to protect Plaintiff from the unconstitutional acts of other officers.

20. All the force and failures to act, as described above, that was inflicted upon Plaintiffs was excessive, unnecessary and unreasonable and was therefore in violation of Plaintiffs' Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore, Defendants and each of them are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II

**Plaintiffs Against the Individual Defendants for
Wrongful Detention and False Arrest**

21. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through sixteen (16) hereat as though fully alleged at this place.

4

22. By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

23. Defendants caused the detention and arrest of plaintiffs unreasonably and without probable or any legal cause. Therefore, the individual defendants and each of them are liable for wrongful detention and false arrest under 42 U.S.C. § 1983.

### COUNT III

### Plaintiffs Against the Individual Defendants for an Unlawful Search and Entry Into Their Residence

24. Plaintiffs incorporate and re-alleges paragraphs one (1) through sixteen (16) hereat as though fully alleged at this place.

25. Defendants and each of them entered plaintiffs' residence without the required knock-notice, without a valid search warrant, unnecessarily and unreasonably trashed plaintiffs' residence, and stole money from plaintiffs, all without legal cause.

26. Defendants actions violated plaintiffs Fourth and Fourteenth Amendment rights to the Constitution of the United States in that their actions violated plaintiffs' Due Process and rights to a reasonable search supported by probable cause, a proper knock-notice and a valid warrant.

27. As a result of the foregoing, defendants are liable pursuant to 42 U.S.C. section 1983.

WHEREFORE, the plaintiffs, Upchurch and Robinson, by and through their attorneys, Ed Fox & Associates, request judgment as follows against the defendants, and each of them on all claims:

1. That the defendants be required to pay the plaintiffs, general damages, including emotional distress, in a sum to be ascertained;

2. That the defendants be required to pay the plaintiffs special damages in a sum to be ascertained;

3. That the individual defendants be required to pay the plaintiffs attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision (except not on Count III);

4. That the individual defendants be required to pay the plaintiffs punitive and exemplary damages in a sum to be ascertained;

5. That the defendants be required to pay the plaintiffs costs of the suit herein incurred; and

6. That the plaintiffs have such other and further relief as this Court may deem just and proper

Dated: July 18, 2007                                BY: s/Edward M. Fox_____
                                                            Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Edward M. Fox
Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID UPCHURCH and** | ) | |
| **EDNA ROBINSON** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 3353 |
| | ) | |
| vs. | ) | |
| | ) | |
| **Chicago Police Officers Jeffrey Chevalier,** | ) | |
| **Star No. 7206, Godfrey Cronin, Star No. 1655,** | ) | |
| **Vladan Milenkovic, Star No. 16135, D. Goosherst,** | ) | |
| **Star No. 19628, Officer Guerro, Star No. 19649,** | ) | JURY DEMANDED |
| **Officer Martinez, Star No. 19709, Officer Szubert,** | ) | |
| **Star No. 15620, Calumet City Police Officers Lt. T.** | ) | |
| **Murphy, Star No. 48, and R. Dudley, Star No. 172,** | ) | |
| **Individually,** | ) | |
| | ) | |
| Defendants, | ) | |

**PROOF OF SERVICE**

I, Edward M. Fox, under penalty of perjury, state that on July 18, 2007, service is being made in accordance with the General Order on Electronic Case Filing section XI.

/s/Edward M. Fox_____
Edward M. Fox
Attorney for Plaintiff
ED FOX & ASSOCIATES
300West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877

8